Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EDUARDO RIVERA CRUZ<br>*(Apelante)*<br><br>v.<br><br>**DEPARTAMENTO DE EDUCACIÓN**<br>**Parte Recurrida**<br>*(Apelada)*<br><br><br>**NORMA J. ROLÓN BARADA**<br>**Parte Recurrente**<br>*(Interventora)* | KLRA202500260 | *Revisión Administrativa* procedente de la Oficina de Apelaciones del Sistema de Educación<br><br>Caso Núm. 2016-08-0332<br><br>Sobre: Reclutamiento y Selección |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Ronda del Toro, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli[1].

Trigo Ferraiuoli, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 25 de junio de 2026.

Comparece ante nos, la parte recurrente, Norma J. Rolón Barada (Rolón Barada), y solicita que revoquemos la *Resolución*[2] dictada el 13 de marzo de 2025, archivada en autos y notificada el 14 de marzo de 2025, por la Oficina de Apelaciones del Sistema de Educación (OASE o parte recurrida). En virtud de esta, la OASE declaró con lugar la apelación presentada por el Sr. Eduardo Rivera Cruz (Rivera Cruz), y anuló el nombramiento de Rolón Barada como Directora de Compras de la Oficina de Compras de la Oficina Central del Departamento de Educación. Asimismo, la OASE concluyó que Rivera Cruz era el candidato idóneo, por lo que le correspondía ocupar el puesto. En consecuencia, ordenó al Departamento de Educación realizar los procedimientos administrativos correspondientes para nombrarlo al puesto de Director de Compras.

---

[1] Véase Orden Administrativa OATA-2025-170, en la que se designó a la Jueza Trigo Ferraiuoli en sustitución de la Jueza Domínguez Irizarry.
[2] Apéndice del recurso, págs. 614-633.

Luego de una cuidadosa revisión del expediente ante nos, los alegatos de las partes, sus respectivos apéndices y evaluada la transcripción de la prueba oral presentada, confirmamos la resolución recurrida.

**I.        Trasfondo fáctico y procesal**

El 26 de mayo de 2016, Rivera Cruz[3] dirigió una carta a la Lcda. Verónica Z. Borrero Arvelo, Directora de la División Legal del Departamento de Educación, sobre *Impugnación del Proceso llevado a cabo de la Adjudicación del Puesto C-25580 de Director Oficina Central de Compras del Departamento de Educación".[4]* En síntesis, alegó que ese mismo día supo que el puesto número C-25580 de Director Oficina Central de Compras del Departamento de Educación se le adjudicó a la Sra. Norma J. Rolón Barada[5].

Rivera Cruz arguyó que no recibió notificación sobre los resultados de la entrevista, en contravención con las disposiciones de la Ley Núm. 184-2004[6]. Añadió que tampoco le notificaron cuál fue su puntuación en la evaluación que hicieron los técnicos de recursos humanos y que no le informaron cuáles fueron los criterios para descalificarlo a él y seleccionar a Rolón Barada, quien solo tenía tres (3) años de experiencia. Al respecto, expuso que el Reglamento del Personal No Docente del Departamento de Educación (Reglamento Núm. 6625 del 4 de junio de 2003), establece el principio de mérito en su política pública. Por consiguiente, solicitó que se dejara sin efecto el nombramiento de Rolón Barada, el cual arguyó fue viciado, irregular y con matices políticos y de favoritismo.

---

[3] De la referida carta, surge que, a la fecha de impugnación, el señor Rivera Cruz era Director de la Junta de Subastas Central.

[4] Apéndice del recurso, págs. 1-3.

[5] Rivera Cruz formaba parte del registro de elegibles para el puesto en controversia.

[6] *Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico*, Ley Núm. 184 de 3 de agosto de 2004, según enmendada. 3 LPRA § 1461 nota, Edición de 2011. Esta Ley ha sido DEROGADA y sustituida por la Ley 8-2017.

Así las cosas, el 23 de agosto de 2016, Rivera Cruz presentó una *Solicitud de Apelación (Por Derecho Propio)* ante la Comisión Apelativa de Servicio Público[7]. El 3 de enero de 2017, el Departamento de Educación presentó *Contestación a la Apelación*[8]. El 31 de enero de 2019, la CASP emitió un *Traslado a la Oficina de Apelaciones del Sistema de Educación*, en virtud de la Ley Núm. 85-2018 que entró en vigor el 29 de marzo de 2018[9].

El 21 de marzo de 2021, compareció Rolón Barada mediante *Moción para Asumir Representación Legal y Solicitud de Intervención*[10]. Luego, el 23 de marzo de 2021, la OASE emitió una orden en la que autorizó la solicitud de intervención presentada por Rolón Barada.[11] En tanto, el 15 de junio de 2021, el ELA presentó *Moción Informativa sobre Aviso de Paralización y Procedimiento para Presentar Moción en Solicitud de Relevo de la Paralización Automática en el caso del Gobierno de Puerto Rico bajo el Título III de PROMESA,* en la que solicitó tomara conocimiento de la paralización automática y el proceso para solicitar el relevo de dicha paralización.[12]

Reanudados los procedimientos, el 10 de septiembre de 2024, se celebró la vista administrativa. Rivera Cruz compareció representado por el Lcdo. Iván Garau Díaz. El Departamento de Educación compareció representado por el Lcdo. Víctor Hernández Sánchez. Rolón Barada compareció representada por el Lcdo. Gerardo Hernández Serrano. Se estipularon los siguientes documentos:

    a. Exhibit 1 Estipulado: Copia Expediente de la convocatoria conforme provisto por la parte apelante.
    b. Exhibit 2 Estipulado: Expediente de personal del apelante

---

[7] Apéndice del recurso, págs. 4-6. De la apelación surge que Rivera Cruz acompañó la carta de impugnación de nombramiento, entre otros documentos.
[8] *Íd.*, págs. 14-18.
[9] *Íd.*, págs. 21-22.
[10] *Íd.*, págs. 19-20.
[11] *Íd.*, pág. 23-25.
[12] Apéndice del recurso, págs. 26-29.

    c. Exhibit 3 Estipulado: Expediente de personal de la Sra. Rolón

    d. Exhibit 4 Estipulado: Reglamento número 6625 Reglamento de Personal no Docente del Departamento de Educación del 04 de junio de 2003.

Como exhibit de la parte apelante, "se marcó como Exhibit 1 copia de la página del *website* del Departamento de Estado, específicamente un resultado de una búsqueda realizada por la parte apelante sobre la compañía A & M Contractors, Inc., donde no surge resultado sobre la referida compañía."[13]

Como exhibit de Rolón Barada, "se marcó como Exhibit 1 el Certificado de Existencia fechado 21 de junio de 2024 y el Certificado de Revocación del Certificado de Incorporación, fechado 1 de noviembre de 2016 relacionada a la referida corporación."[14]

Conforme surge de la resolución recurrida, las partes estipularon los siguientes hechos:

1. El apelante se sometió al proceso de selección de candidatos para ocupar la plaza vacante de Director Central de Compras del Departamento de Educación.

2. **En la mencionada convocatoria solicitaron varios candidatos. La primera convocatoria de puesto fue previamente cancelada.**

3. **El Apelante es el que tiene mayor antigüedad de los aspirantes.**

4. La Sra. Norma J. Rol[ó]n Barada, a quien se le adjudicó la plaza, al momento de ser seleccionada contaba, entre otras cosas con tres (3) años en el servicio de confianza en el Departamento de Educación.

5. El apelante demostró en el proceso que tiene los conocimientos, habilidades, capacidades, destrezas y ha acumulado un[a] vasta experiencia en el Departamento de Educación.

6. [...].

7. [...].

8. **El 2 de noviembre de 2015 la División de Reclutamiento del DE estableció el Registro de**

---

[13] Apéndice, pág. 615.
[14] *Íd.*

**Elegibles para el puesto de Director de Compras, puesto número C-25580, convocatoria 05-2015. Las personas que formaron parte de dicho registro fueron el Apelante, Sr. Eduardo Rivera Cruz, con una puntuación de 89.37, la Sra. Norma J. Rolón Barada, con una puntuación de 87.28 y la Sra. Amarilys Pérez Díaz, con una puntuación de 80.42.**

9. El 11 de marzo de 2016, el Apelante participó en la entrevista para cubrir la vacante del puesto C-25580 en la clase de Director de Compras. No empec[e] [a] ello, aunque fue considerado para dicho puesto, eventualmente no fue seleccionado. **Dicha determinación le fue notificada al Apelante mediante un comunicado escrito emitido por el Departamento de Educación el 6 de mayo de 2016.**[15]

10. El 26 de mayo de 2016 el Apelante impugnó, ante la SARH del DE, el nombramiento de la señora Rolón Baradas.

Luego de que las partes presentaran sus argumentos y sometieran los mismos en sus respectivas mociones, el caso quedó sometido.

Así, el 13 de marzo de 2025, la OASE emitió la Resolución recurrida, en la que acogió las estipulaciones de hechos de las partes y emitió las siguientes determinaciones de hechos:

1. [...]

2. El apelante, Eduardo Rivera Cruz, es un empleado de carrera en un puesto gerencial del Departamento de Educación, ocupando el puesto de Director Ejecutivo II en la Junta de Subastas, con veinticuatro (24) años de experiencia al momento de presentar la apelación.

3. El 03 de junio de 2015, la agencia apelada emitió una convocatoria para el puesto de Director Oficina Central de Compras, puesto número C-25580, la cual aceptaría solicitudes hasta el 19 de junio de 2015.

4. **Conforme la referida convocatoria, los requisitos m[í]nimos para el puesto era un Bachillerato en Administración de Empresas y cinco (5) años de experiencia técnica, administrativa y de supervisión en el área de compras y subastas.**

5. **Según surge de la referida convocatoria, la naturaleza del examen consistía en evaluación de la preparación académica, experiencia de trabajo y adiestramiento directamente relacionado con las funciones del puesto en la clase. No se requer[í]a la comparecencia del candidato.**

---

[15] Apéndice del recurso, pág. 135.

6. De la referida convocatoria surgen las disposiciones generales, entre las que se encontraba si los candidatos indicaban poseer experiencia en empresas privadas o agencias gubernamentales, deb[í]an acompañar su solicitud con una serie de documentos.

7. El apelante compareció a solicitar el referido puesto al igual que la Sra. Rolón.

8. En dicho proceso ambos candidatos le fueron adjudicados la misma puntuación que en la segunda convocatoria.[16]

9. Dicha convocatoria fue cancelada.

10. **El 16 de noviembre de 2015, la agencia apelada emitió una nueva convocatoria para el puesto de Director Oficina Central de Compras, puesto número C-25580, la cual aceptaría solicitudes hasta el 01 de diciembre de 2015.**

11. **Conforme la referida convocatoria, los requisitos mínimos para el puesto era un Bachillerato en Administración de Empresas de una universidad acreditada y cinco (5) años de experiencia técnica, administrativa y de supervisión en el área de compras o subastas.**

12. **Al igual que la convocatoria anterior, la nueva convocatoria establecía la naturaleza del examen la cual consistía en la evaluación de la preparación académica, experiencia de trabajo y adiestramiento directamente relacionado con las funciones del puesto en la clase. No se requería la comparecencia del candidato.**

13. [...].

14. Asimismo, establecía que en los casos en que el candidato fuese empleado del sistema de administración de personal del Estado Libre Asociado de Puerto Rico, **se consideraría únicamente las funciones propias y el nivel de clasificación oficial del puesto al cual fue nombrado.**

15. [...]

16. Del Informe de Evaluación de Solicitud de Empleo de la Sra. Rol[ó]n, surge que se le concedió una puntuación, conforme desglosado:
    a. BA m[á]s cinco años de experiencia: 70.00
    b. Experiencia adicional **7.28**
    c. Preparación adicional 10.00

17. La Sra. Rolón posee una Maestría en Administración Comercial, Finanzas, Moneda y Banca de la Universidad de Puerto Rico, por lo cual se le concedi[ó] puntuaci[ó]n adicional de (sic) Esta contaba con la experiencia m[í]nima para el puesto.

18. Del Informe de Evaluación de Solicitud de Empleo del apelante surge que se le concedió la puntuación conforme desglosado:
    a. BA m[á]s cinco años de experiencia: 70.00
    b. Experiencia adicional **19.37**
    c. Preparación adicional: 0

19. **El apelante solo cuenta con un bachillerato.**

20. **De la certificación de elegibles, no surge puntuación adicional a las antes mencionadas.**

---

[16] Nota al calce omitida.

**Solo surge el nombre de los funcionarios entrevistadores, con sus respectivas firmas y títulos y donde se recomendaba a la Sra. Norma J. Rolón Barada para el puesto.**

21. [...]

22. [...]

**23. La diferencia entre las dos convocatorias es que en la primera convocatoria uno de los requisitos era cinco años de experiencia en el área de compras y subastas y en la segunda convocatoria eran cinco (5) años de experiencia en área de compras o subastas.**

**24. En ambas convocatorias, participaron tanto el apelante, como la Sra. Rol[ó]n y en ambas ocasiones, éstos obtuvieron las mismas puntuaciones.**

**25. El apelante expresó que la única razón, a su entender, para no darle la plaza fue discrimen político toda vez que al momento del reclutamiento el gobierno en el poder era el Partido Popular Democrático y tanto [é]l como su familia están identificados con el Partido Nuevo Progresista. Igualmente expresó que la Sra. Rolón ocupaba un puesto de confianza en el Departamento de Educación al momento del reclutamiento.**

**26. El apelante entendía que en el proceso de entrevista debió haberse dado puntuaciones a los candidatos despu[é]s de las entrevistas. No obstante, de la prueba estipulada surge que no se le concedieron puntuaciones a ninguno de los candidatos durante el proceso de entrevistas.**

27. [...].

28. Del expediente de personal de la Sra. Rol[ó]n surge que esta fue nombrada en el puesto objeto de la presente impugnación efectivo al 5 de mayo de 2016.

29. La parte apelante basa su causa de acción en que la Sra. Rol[ó]n no cumpl[í]a con los requisitos mínimos del puesto (experiencia en subastas o compras) y mintió en su solicitud de empleo y que por su experiencia [é]l debió ser [e]l seleccionado. Espec[í]ficamente experiencia en el servicio p[ú]blico (el apelante tiene mayor experiencia en comparaci[ó]n con la Sra. Rolón) y por que (sic) a este le dieron una puntuación mayor que a la persona que fue reclutada.

**30. Del interrogatorio realizado, el apelante aceptó que la Sra. Rolón tiene experiencia en compras.**

(Énfasis nuestro).

A la luz de lo anterior, la Jueza Administrativa determinó que, de una lectura del aviso de ambas convocatorias, la preparación académica y experiencia mínima deseable era un bachillerato en administración de empresas y cinco (5) años de experiencia técnica,

administrativa y de supervisión en el área de compras o subastas. A raíz de ello, concluyó que, aunque ambos candidatos cumplían con dichos requisitos, Rivera Cruz tenía más del doble de experiencia que Rolón Barada y que ello surgía de la puntuación otorgada. Asimismo, destacó que a Rolón Barada le otorgaron puntos adicionales por poseer una maestría en comparación con Rivera Cruz, quien posee únicamente un bachillerato, lo que produjo una diferencia de 2.09 puntos entre estos en dicho renglón.

De otro lado, la Jueza Administrativa concluyó que no surge evidencia de las razones por las cuales se le adjudicó la plaza a Rolón Barada "cuando el apelante tenía claramente mayor experiencia que [é]sta para el puesto en cuestión"[17]. También añadió que "[n]o surge documento alguno que justifique c[ó]mo fue el desempeño de ambos candidatos en el proceso de entrevista "que nos lleve a pensar que eso fue lo que inclinó la balanza a favor de la interventora."[18]

En virtud de lo anterior, la Jueza Administrativa determinó que Rivera Cruz era el candidato idóneo para ocupar el puesto impugnado. En ese sentido, la Jueza Administrativa consignó que, luego de considerar los criterios en conjunto, así como la totalidad de la evidencia que obraba en el expediente, Rivera Cruz superaba a Rolón Barada en "años de experiencia relacionada en compras o subastas, particularmente en la evaluación y adjudicación de subastas"[19]. Asimismo, concluyó que el Departamento de Educación no aplicó los elementos de idoneidad para el puesto, "los cuales son parte del principio de mérito, el cual debe prevalecer al momento de seleccionar o nombrar a un empleado"[20].

Así, declaró con lugar la apelación presentada por Rivera Cruz y, en consecuencia, anuló el nombramiento de Rolón Barada y

---

[17] Apéndice, pág. 627.
[18] Íd.
[19] Íd., a la pág. 629.
[20] Íd.

ordeno al Departamento realizar los procedimientos correspondientes para nombrar a Rivera Cruz al puesto. Inconforme, tanto Rolón Barada como el Departamento de Educación presentaron sus respectivas solicitudes de reconsideración[21].

El 7 de abril de 2025, la OASE emitió *Resolución en Reconsideración*[22]. En esta aclaró que la segunda convocatoria requería experiencia en compras o subastas y que, aun con la puntuación otorgada a Rolón Barada y su "cierta experiencia en el área de compras"[23], Rivera Cruz tenía mayor experiencia en el área de subastas. En cuanto al planteamiento de idoneidad planteado por Rolón Barada, la Jueza Administrativa destacó que Rivera Cruz los hizo de una forma u otra, ya en sus mociones o en las vistas celebradas[24]. También expresó que el bagaje académico de Rolón Barada no podía ir sobre la experiencia de Rivera Cruz, pues ello sería ir por encima del principio de mérito. En ese sentido, enfatizó que la agencia estaba obligada a aplicar el principio de mérito en el reclutamiento. Por ende, explicó que "descartar a la persona con mayor experiencia en puestos con las funciones requeridas en la convocatoria no se basa en el principio de mérito"[25].

En segundo lugar, la Jueza Administrativa enmendó las determinaciones de hechos "para incluir que la parte interventora ocupaba un puesto de confianza en el Departamento de Educación al momento del reclutamiento en cuestión, que el apelante está plenamente identificado con el Partido Nuevo Progresista según sus dichos y que, al momento del reclutamiento, el partido en el poder era el Partido Popular Democrático. Por lo que es una gran posibilidad de que eso haya influido en el raciocinio de la elección al

---

[21] Apéndice del recurso, págs. 641 a la 677.
[22] Apéndice del recurso, págs. 678-681.
[23] *Íd.*, a la pág. 678.
[24] *Íd.*, a la pág. 679.
[25] *Íd.*

puesto, por encima del principio de mérito para un puesto que era de carrera basado en las puntuaciones dadas a ambos candidatos para ocupar el puesto impugnado"[26].

Así pues, concluyó que las determinaciones de hechos estaban sustentadas con la evidencia que obraba en el expediente, por lo que sostuvo su determinación.

Inconforme, Rolón Barada acude antes nos y formuló los siguientes señalamientos de error:

PRIMER ERROR:

Erró la Oficina de Apelaciones del Sistema de Educación al entrar a dilucidar la idoneidad del Recurrido para ocupar la plaza, a pesar de que este no logró probar que la Recurrente no cumplía con los requisitos mínimos del puesto y que mintió en su solicitud, fundamentos en los cuales basó la impugnación del nombramiento de la recurrente.

SEGUNDO ERROR:

Erró la Oficina de Apelaciones del Sistema de Educación al no respetar la presunción de regularidad y corrección que cobija las determinaciones administrativas e imponer su propio criterio en lugar del (sic) de la entidad que hizo el reclutamiento y selección.

TERCER ERROR:

Erró la Oficina de Apelaciones del Sistema de Educación al emitir una Resolución infundada que no se sostuvo con la prueba presentada durante la vista administrativa y al aplicar incorrectamente el derecho aplicable al imponerle a la parte apelada probar ciertos hechos.

Luego de acaecidos los trámites procesales apelativos de rigor, dimos por perfeccionado el recurso, por lo que estamos en posición de resolver.

## II. Derecho Aplicable

### A. La Revisión Judicial de Decisiones Administrativas

Es norma firmemente establecida que los tribunales apelativos han de conceder gran consideración y deferencia a las decisiones de los organismos administrativos. Ello, dado que las agencias administrativas cuentan con vasta experiencia y

---

[26] *Íd.,* a la págs. 679-680.

conocimiento especializado en cuanto a los asuntos que les han sido encomendados.[27]

Como resultado, la decisión de una agencia administrativa gozará de una presunción de legalidad y corrección que será respetada, siempre que la parte que la impugna no produzca evidencia suficiente para rebatirla.[28]

En cuanto a las determinaciones de hecho que realiza una agencia, éstas serán sostenidas por el tribunal si se basan en evidencia sustancial que obra en el expediente administrativo.[29] Por evidencia sustancial se entiende "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión".[30] Por lo tanto, la parte afectada por la decisión administrativa deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial.[31]

Ahora bien, respecto a las conclusiones de derecho de las decisiones de las agencias administrativas, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, señala que éstas pueden ser revisadas en todos sus aspectos por el tribunal.[32]

Al respecto, recientemente, en *Vázquez v. DACo*[33], el Tribunal Supremo hizo eco de la decisión del foro federal en el caso *Loper Bright Enterprises v. Raimondo*[34], y determinó que la interpretación

---

[27] *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021), citando a *OCS v. Universal*, 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012); *Pagán Santiago, et al. v. ASR*, 185 DPR 341, 358 (2012).
[28] *Transp. Sonnell, LLC v. Jta. Subastas ACT*, 214 DPR 633, 648 (2024); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).
[29] Sec. 4.5 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9675.
[30] *Rolón Martínez v. Superintendente*, 201 DPR 26, 36 (2018); *González Segarra et al. v. CFSE*, 188 DPR 252, 277 (2013); *Otero v. Toyota*, 163 DPR 716, 728-729 (2005).
[31] *Otero v. Toyota*, supra, pág. 728.
[32] Sec. 4.5 de la LPAU, 3 LPRA sec. 9675.
[33] *Vázquez et al. v. DACo*, 2025 TSPR 56, 216 DPR ____ (2025).
[34] *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).

de la ley es una tarea que corresponde inherentemente a los tribunales. En *Vázquez,* el Tribunal Supremo enfatizó la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, *supra.* Puntualizó que, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. Con ello, nuestro Tribunal Supremo pautó el fin de la deferencia absoluta a las apreciaciones de derecho arribadas por las agencias administrativas.[35] En fin, delimitó que la interpretación de la ley es una tarea que le corresponde a los tribunales y como corolario, los tribunales deben revisar las conclusiones de derecho en todos sus aspectos. Ello, como mecanismo interpretativo del poder judicial.[36]

Por consiguiente, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales.[37]

**B. La Ley de Reforma Educativa de Puerto Rico**

La Ley 85-2018, 3 LPRA sec. 9801 *et seq.*, conocida como la *Ley de Reforma Educativa de Puerto Rico,* se aprobó a los fines de

---

[35] *Vázquez v. DACo,* supra.
[36] *Íd.*
[37] *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021); *Torres Rivera v. Policía de Puerto Rico,* 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 744-745 (2012).

establecer la nueva política pública del Gobierno de Puerto Rico en el área de educación[38].

El Artículo 2.02 establece lo concerniente al Secretario de Educación. Es específico, dicho artículo expone lo siguiente:

El Secretario es el funcionario designado por el Gobernador de Puerto Rico con arreglo a la Constitución de Puerto Rico. **El Secretario es el funcionario de más alto rango en el Departamento y entre otras funciones y encomiendas, podrá establecer la visión, misión, prioridades y metas del Sistema de Educación Pública, a través de normas, reglamentos, órdenes administrativas o directrices, cónsonas con el ordenamiento jurídico vigente, pero en ningún caso podrá afectar los derechos adquiridos de los maestros. El Secretario tendrá aquellas facultades ejecutivas, administrativas y académicas establecidas en esta Ley o dispuesta en cualquier otra ley aplicable.** (Énfasis suplido).

3 LPRA sec. 9802a.

Así, el Artículo 2.04, establece lo relativo a los deberes y responsabilidades del Secretario de Educación. El inciso (a) dispone que,

[e]l Secretario será responsable por la administración eficiente y efectiva del Sistema de Educación Pública de conformidad con la ley, la política educativa debidamente establecida y la política pública que la Asamblea Legislativa y el Gobernador adopten, con el fin de realizar los propósitos que la Constitución de Puerto Rico y esta Ley pautan para el Sistema de Educación Pública.

De otra parte, el Art. 3.01 dispone todo lo concerniente al sistema de personal del Departamento de Educación. En síntesis, dicho artículo dispone que el Departamento administrará su propio sistema de personal y que reconocerá los derechos adquiridos por los maestros previo a la aprobación de esta Ley y adoptará sus reglamentos de personal incorporando el principio de mérito a la administración de sus recursos humanos[39]. El Departamento tendrá empleados de confianza, empleados de carrera y empleados

---

[38] La Ley 85-2018, supra, derogó la Ley 149-1999, según enmendada, conocida como la *Ley Orgánica del Departamento de Educación de Puerto Rico*, estatuto vigente a la fecha de presentación de la apelación de epígrafe.
[39] 3 LPRA sec., 9803.

transitorios[40]. En cuanto a los empleados transitorios, estos serán contratados para trabajos de duración fija y no tendrán derecho propietario de su posición[41]. Los derechos de los empleados del Departamento están supeditados a los derechos educativos de los estudiantes, quienes son la razón de ser del Sistema de Educación Pública. Sobre las determinaciones finales sobre asuntos de personal, las mismas serán revisadas, a solicitud de parte, en la Oficina de Apelaciones del Sistema de Educación, la cual tendrá jurisdicción primaria para atenderlas[42].

A tenor de ello, el Artículo 3.02 establece la jurisdicción y funcionamiento de la Oficina de Apelaciones del Sistema de Educación (OSAE). En resumen, la OASE estará compuesta por jueces administrativos contratados por el Departamento y la organización y operación interna de la OASE será establecida mediante reglamento promulgado por el Secretario. Además, establece que los jueces y juezas tendrán total independencia en la adjudicación de las apelaciones y/o asuntos ante su consideración. También, dispone que la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley 38-2017 (LPAU), regirá los procedimientos administrativos ante su consideración[43].

**C. Reglamento de la Oficina de Apelaciones del Sistema de Educación (Reglamento Núm. 9099 de 29 de mayo de 2019)**

El Reglamento de la Oficina de Apelaciones del Sistema Educativo, Reglamento Núm. 9099 de 29 de mayo 2019 se promulgó al amparo de la Ley 85-2018, *supra*, y la Ley 38-2017, *supra*. Conforme surge del Artículo 3 del Reglamento, el propósito de este es establecer el proceso a seguirse para la presentación de una apelación ante la OASE y el manejo y trámite adecuado del recurso. Añade que estas reglas deberán interpretarse de forma que

---

[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] 3 LPRA sec. 9803a.

propicien una solución justa, rápida y eficiente de los casos a tenor con la política pública establecida en la Ley 85-2018, supra[44]. En el Artículo 4 del referido Reglamento, se establece que este aplicará a todas las apelaciones presentadas por aquellos empleados no sindicados del Departamento de Educación inconformes con una resolución, orden o determinación final sobre asuntos de personal, a tenor con lo dispuesto en la Ley 85-2018, supra.

Por otro lado, respecto a la designación del Juez Administrativo, el Artículo 8.1 del Reglamento establece, entre otras disposiciones, que estos no serán empleados del Departamento, ni podrán tener ningún interés personal o profesional que esté en conflicto con su objetividad en los asuntos ante su consideración. Además, el referido artículo establece que los jueces administrativos tendrán total independencia en la adjudicación y asuntos ante su consideración y atenderán dichas apelaciones y asuntos de conformidad con el Reglamento.

Además, el Artículo 11 del Reglamento establece lo siguiente en cuanto a la Resolución que emita el Juez Administrativo. Dicho artículo lee como sigue:

(a) Culminado el proceso de vista y sometido el caso por las partes para su adjudicación, el juez administrativo emitirá una resolución en la que adjudique la(s) controversia(s) presentadas por las partes. Dicha resolución deberá ser emitida por el juez administrativo dentro de un término de cuarenta y cinco (45) días calendario contados desde que el caso fue sometido para adjudicación.

(b) Sometido el caso por las partes, no se admitirá evidencia adicional alguna de las partes.

(c) La resolución del juez administrativo deberá identificar la(s) controversia(s) a ser adjudicadas, las determinaciones de hechos y las conclusiones de derecho que fundamentan su adjudicación. Al adjudicar un caso el juez administrativo tomará en consideración los hechos probados y el derecho aplicable, según determinado por las disposiciones pertinentes del ordenamiento jurídico vigente y aplicable a los hechos.

---

[44] Depto. Educ., Reglamento de la Oficina de Apelaciones del Sistema de Educación, Núm. 9099 (29 de mayo de 2019), https://www.de.pr.gov/wp-content/uploads/2019/04/reglamento-de-oase.pdf

Con el marco jurídico antes expuesto, estamos en posición de resolver.

**III. Aplicación del Derecho a los Hechos**

En resumen, Rolón Barada señala que la OASE erró al declarar con lugar la apelación de Rivera Cruz y anular el nombramiento a su favor. Basa su argumento en que la Jueza Administrativa emitió una Resolución que no se sustenta por la prueba presentada durante la vista administrativa y que esta aplicó incorrectamente el derecho al imponerle a la recurrente el peso de probar ciertos hechos. Además, afirma que la determinación sobre su nombramiento está cobijada por una presunción de regularidad y corrección. Por otro lado, arguye que la OASE erró al entrar a dirimir el asunto de la idoneidad de Rivera Cruz para ocupar el puesto, cuando este no logró probar que Rolón Barada no cumplía con los requisitos mínimos del puesto y que ella hubiera mentido en su solicitud.

Luego de un estudio sosegado del expediente ante nuestra consideración, así como de la transcripción de la prueba oral, concluimos que la Jueza Administrativa actuó correctamente al declarar con lugar la apelación de Rivera Cruz. Nos explicamos.

Primero, según se desprende del dictamen recurrido, la primera convocatoria para el puesto de Director de Compras, publicada el 3 de junio de 2015, establecía los siguientes requisitos mínimos: un bachillerato en Administración de Empresas y cinco (5) años de experiencia técnica, administrativa y de supervisión en el área de compras *y* subastas. Es decir, se requería que los años de experiencia fueran en *ambas* áreas: compras y subastas. Para dicha convocatoria, Rolón Barada y Rivera Cruz completaron solicitud y, en dicho proceso a ambos se les adjudicó la misma puntuación, por lo que ambos eran candidatos elegibles para el puesto. Sin embargo, la referida convocatoria fue cancelada.

Meses después, a saber, el 16 de noviembre de 2015, se emitió una nueva convocatoria para el puesto. Esta vez, solamente se enmendó el siguiente requisito: que los cinco (5) años de experiencia técnica, administrativa y supervisión fueran "en el área de compras *o* subastas"[45]. Es decir, que contrario a la convocatoria anterior, la experiencia requerida sería en *una* de las dos áreas antes mencionadas. Como consecuencia de lo anterior, a Rolón Barada, quien solo poseía experiencia en el área de compras, se le concedió una puntuación total de 87.28, por lo que cumplía con los requisitos mínimos de elegibilidad para el puesto, y así lo determinó la Jueza Administrativa. De igual modo, la Jueza Administrativa determinó que Rolón Barada no había mentido en su solicitud al presentar una certificación de empleo de una empresa que alegadamente era inexistente, pues esta presentó prueba de que la empresa existió y que se disolvió el 28 de octubre de 2016.

En cuanto al segundo planteamiento de la apelación de Rivera Cruz, el cual se basaba en discrimen político[46], la recurrente señaló que este tampoco pudo probar que hubo discrimen político, pues Rolón Barada, a pesar de ser empleada de confianza del Secretario de Educación, nombrado por el partido político contrario, cumplía con los requisitos mínimos, por lo que la Jueza Administrativa incidió al entrar en el asunto de la idoneidad. No nos persuade.

Desde el inicio del caso, y conforme planteado por Rivera Cruz en la vista administrativa, este argumentó que era el candidato con mayor antigüedad y años de experiencia. También señaló que, bajo el principio de mérito, correspondía ser la persona nombrada al puesto de Director de Compras. Por ello, aun cuando Rolón Barada alega que Rivera Cruz no logró probar que esta mintió en su solicitud y tampoco pudo probar que la determinación de la SARH constituyó

---

[45] Véase, Determinación de Hecho número 11.
[46] Véase, Determinación de Hecho número 25.

un discrimen político, lo cierto es que estos no fueron los únicos argumentos que dieron base a la impugnación y apelación presentada por el recurrido. Por ende, la Jueza Administrativa podría entrar a dilucidar el asunto de la idoneidad de Rivera Cruz y Rolón Barada.

Basta una lectura y examen de los documentos presentados por Rivera Cruz para concluir que su inconformidad con la determinación del nombramiento estaba fundada en varios planteamientos e irregularidades acaecidas, lo cual constituía un reclamo válido que ameritaba ser revisado detenidamente. Lo anterior, pues aun cuando la recurrente planteaba que ambos argumentos no fueron probados por Rivera Cruz, ello no impedía que la Juez Administrativa ejerciera su función revisora la cual se ciñe a evaluar la apelación de Rivera Cruz, a quien le asiste el derecho de apelar la determinación.

Lo anterior, cobra mayor relevancia cuando de las hojas de entrevista y certificación de elegibles no surge criterio alguno que nos ayude a entender por qué un candidato resultó favorecido sobre el otro, así como tampoco el Departamento de Educación produjo el expediente. En ese sentido, resulta pertinente señalar que la Carta Circular Núm. 37-2000-201 del 22 de junio de 2001, expresamente dispone que se establecerá un comité de entrevistas, y que la entrevista girará en torno a la preparación académica, experiencia y funciones del puesto y la disposición del candidato hacia el servicio público. Asimismo, el inciso (5) de la Carta Circular establece que el comité de entrevistas recomendará los tres candidatos más idóneos y que el Secretario de Educación tiene la facultad de nombrar uno de los tres candidatos. No obstante lo anterior, la hoja de Certificación de Elegibles, además de informar los tres candidatos elegibles para el puesto, en el área de observaciones recomienda

expresamente a Rolón Barada para el puesto[47]. A la luz de lo anterior, concluimos que los argumentos de Rivera Cruz respecto a las irregularidades acaecidas durante el procedimiento impugnado eran válidos, por lo que merecían ser dirimidos por la OASE. Por consiguiente, no se cometió el primer señalamiento de error[48].

En consecuencia, tampoco se cometió el segundo señalamiento de error, pues conforme expusimos en el párrafo anterior, las hojas de entrevistas no aportan los criterios bajo los cuales el comité de entrevistas recomendó a Rolón Barada sobre los demás candidatos. Salta a la vista que la *Minuta/Certificación* de la entrevista expresa que los entrevistadores, en efecto compilaron puntuaciones, y a base de estas, recomendaron a la recurrente. A ello, se añade el asunto de la cancelación de la primera convocatoria, la cual exigía experiencia en compras *y* subastas— asunto en el que, aunque la recurrente resultaba elegible, la ponía en desventaja pues no tenía experiencia en *ambas* áreas. Así, al emitirse la segunda convocatoria, cuya única enmienda fue requerir que la experiencia fuera en *una* de las dos áreas, ciertamente Rolón Barada se encontraba en mejor posición que en la primera convocatoria. Además, Rivera Cruz no tuvo conocimiento oportunamente sobre la selección del puesto hasta que acudió a inquirir sobre los resultados de la entrevista. Surge que la carta, fechada del 6 de mayo de 2016, fue depositada en el correo el día 23 de mayo de 2016; mientras que el nombramiento de la recurrente tenía fecha de efectividad del 6 de mayo de 2016. Por consiguiente, la determinación de elegir a Rolón

---

[47] Apéndice del recurso, pág. 119. Véase, además la página 123 que contiene la *Minuta/Certificación* en la que se expresa lo siguiente:
Certifico que... se efectuaron las entrevistas para el puesto de Director de Compras de los siguientes candidatos citados:
Norma J. Rolón Barada
Amarilys Pérez Días
Eduardo Rivera Cruz
[...]
**A base de las puntuaciones compiladas entre los entrevistadores,** Norma J. Rolón Barada fue recomendada para el puesto de Directora de Compras. (Enfasis nuestro).
[48] Véase, Resolución recurrida, Apéndice del recurso, págs. 624-625.

Barada, al no estar debidamente sustentada por el expediente ni debidamente justificada no goza de la presunción de regularidad y corrección que alega la recurrente. Por tanto, la Jueza Administrativa, no incidió al concluir, dentro del marco de su función revisora, que procedía dejar sin efecto el nombramiento ante la evidencia que tuvo ante sí.

Por último, respecto al tercer señalamiento de error, la determinación emitida por la Jueza Administrativa no tenía que limitarse únicamente en cuanto a alegación de discrimen político y que la recurrente mintió en su solicitud, pues tal como mencionáramos antes, la apelación presentada por Rivera Cruz no se basaba únicamente en dichos argumentos. Vale señalar, que la Resolución emitida, así como la resolución de reconsideración exponen y fundamentan adecuadamente cuales eran las controversias del caso, así como el derecho aplicable. La Jueza Administrativa evaluó cada uno de los planteamientos presentados por ambas partes, y su determinación está sustentada por la prueba que estos presentaron.

Por lo anterior, procede confirmar la resolución recurrida.

**IV. Parte Dispositiva**

Por los fundamentos que anteceden, se confirma la *Resolución* recurrida.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones